**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MICHEAL N.B. ATTAWAY, #Y55493, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-01562-SMY |
| | ) | |
| SGT. RITTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

This matter is before the Court on Plaintiff Micheal Attaway's Motion to Vacate Clerk's Judgment and Order Dismissing Case (Doc. 14); Motion for Leave to File Late Amended Complaint (Doc. 13); and Motion to Change Venue (Doc. 12).

Plaintiff filed this action under 42 U.S.C. § 1983 for constitutional deprivations stemming from Sergeant Ritter's alleged failure to protect him from a suicide attempt at Shawnee Correctional Center on May 2, 2023.[1]  The Court dismissed the Complaint (Doc. 1) for failure to state a claim under 28 U.S.C. § 1915(e)(2) on September 30, 2024.  (Doc. 9).  Plaintiff was directed to file an Amended Complaint no later than October 28, 2024, and was warned that failure to do so would result in dismissal of the action.  *See id*. (citing FED. R. CIV. P. 41(b)).

Plaintiff did not file an Amended Complaint or request an extension of time to do so. On November 7, 2024, the Court denied Plaintiff's IFP motion and dismissed the action with prejudice for failure to state a claim under § 1915(e)(2), comply with a court order, or to prosecute his claim under Rule 41(b).  (Doc. 10).  Judgment was entered accordingly.  (Doc. 11).

---

[1] Plaintiff was released on parole on June 4, 2024, and mailed his Complaint and Motion for Leave to Proceed *in forma pauperis* (IFP) to the Court via overnight mail on June 20, 2024. (Doc. 1-1). Because he was not a prisoner at the time he filed the Complaint and IFP motion, this matter was subject to review under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff now seeks relief from the dismissal order and judgment under Federal Rules of Civil Procedure 60(b)(2), (3), and (6), based on newly discovered evidence of fraud, misrepresentation, or misconduct by the opposing party. (Doc. 14). Plaintiff claims he discovered new, credible evidence from an anonymous source that Sgt. Ritter, Warden Galloway, Warden Walker, Acting IDOC Director LaToya Hughes, and Governor J.B. Pritzker conspired to commit murder by bribing an inmate to kill him in his sleep in exchange for a private cell. He does not indicate when he learned of the information, what exactly he learned, or how he knew that it implicated each named official.[2] *Id.* He nevertheless asks this Court to vacate the dismissal order and judgment and allow him to amend his complaint to bring claims against these defendants for a state-sanctioned murder and related constitutional violations. *Id.*

Because he filed the instant motion nearly five months after entry of judgment, the Motion to Vacate is governed by Rule 60. Rule 60 is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010). Plaintiff's vague and conclusory allegations present no exceptional circumstances, given that he omits basic information about the source of new information, the date he learned the information, or any other details connecting this evidence to the defendants. Plaintiff took no action to amend the Complaint before the deadline, requested no extension of time to do so, and waited for almost five months after the case was closed to reveal his vague new claim(s). His inaction does not entitle him to relief. Accordingly, the Motion to Vacate Judgment and Order Dismissing Case (Doc. 14); Motion for Leave to File Late Amended Complaint (Doc. 13); and Motion to Change Venue (Doc. 12) are **DENIED.** This

---

[2] In the proposed amended complaint, Plaintiff reveals that "it was only when he was able to later reflect on the events that he learned the razor [used to inflict harm] was in his possession after his cellmate . . . had finished using it." *See* Doc. 13-1, ¶ 3. He offers no connection between this subsequent realization and any conspiracy to murder him involving Ritter, Galloway, Walker, Hughes, or Pritzker. *See id.* at ¶ 6.

case remains dismissed with prejudice and is **CLOSED**.

The Court also notes that Plaintiff failed to update his U.S. Mail address in this case when he moved and/or filed his motions.  Plaintiff is reminded of his ongoing obligation to notify the Clerk of his new address within 14 days of any change, and a separate notice must be filed in each of his cases.  *See* Doc. 3.

**IT IS SO ORDERED.**

**DATED:  March 25, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**